United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30313
Summary Calendar
_____

JOHN POULLARD,

                     Plaintiff-Counter Defendant-Appellant,

versus

JOSEPH M. TURNER, Captain; ET AL.,

                     Defendants,

JOSEPH M. TURNER, Captain; LONNIE EDMONDS, Lieutenant;
MICHAEL LEVATINO, Lieutenant; DON THAMES; Sergeant,

                     Defendants-Counter Claimants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 94-CV-777-D
--------------------

Before JOLLY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     John Poullard, Louisiana prisoner # 98999, appeals the

denial of his FED. R. CIV. P. 59(e) motion. The appellees have

moved for FED. R. CIV. P. 38 sanctions for a frivolous appeal.

     Poullard argues that the district court lacked jurisdiction

to enforce the settlement agreement reached between the parties,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because it had already entered judgment dismissing the case with prejudice.  We reject this argument because Poullard did not move the district court to enforce the settlement agreement, his postjudgment motion moved to reopen the litigation to litigate the punitive damages issue he contended was not encompassed by the terms of the settlement.  Cf. Kokkonen v. Guardian Life Ins. Co of America, 511 U.S. 375, 378 (1994) ("enforcement of a settlement agreement, . . . is more than just a continuation of the renewal of the dismissed suit, and hence requires its own basis for jurisdiction").  We further hold that the district court did not abuse its discretion in refusing to reopen the case to litigate the punitive damages issue; the settlement agreement is not ambiguous insofar as it purports to settle "any and all claims."  See Mid-Continent Cas. Co. v. Chevron Pipe Line Co., 204 F.3d 222, 230 (5th Cir. 2000) (unambiguous settlement agreement reviewed de novo).  Furthermore, the district court found that Poullard was informed by the court during the settlement conference that he was releasing both compensatory and punitive damages claims.

The appellees motion for Rule 38 sanctions is denied.

AFFIRMED; SANCTIONS MOTION DENIED.